**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY HAGOOD,<br><br>                       Petitioner,<br><br>                       v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>                       Respondent. | Civil Action No. 19-21285 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Jeffrey Hagood's Amended Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 4.) On March 13, 2020, this Court entered an order directing Petitioner to show cause why his Amended Petition should not be dismissed as time barred (ECF No. 5), to which Petitioner responded. (ECF No. 6.) For the following reasons, this Court will dismiss the Amended Petition as time barred, and will deny Petitioner a certificate of appealability.

**I.    BACKGROUND**

Petitioner was convicted of various sexual assault related offenses in June 2011, for which he was sentenced to forty-years imprisonment. (ECF No. 4 at 3.) Petitioner appealed, and the Appellate Division affirmed his conviction and sentence in January 2015. (*Id.* at 4.) The New Jersey Supreme Court thereafter denied certification on direct appeal on May 2015. (*Id.*) On November 4, 2015, Petitioner filed a petition for post-conviction relief ("PCR"). (*Id.* at 5.) That petition was denied on November 28, 2016. (*Id.*) Petitioner appealed, and the Appellate Division

affirmed the denial of his PCR on December 29, 2017. (*Id.* at 8.) Petitioner filed a petition for certification, but that petition was denied by the New Jersey Supreme Court on June 12, 2018. (*Id.* at 9.) Petitioner thereafter submitted his initial habeas petition for filing on November 20, 2019. (ECF No. 1 at 16.)

## II.  **LEGAL STANDARD**

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III.   DISCUSSION

As this Court explained in its order to show cause:

> 28 U.S.C. § 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." In most cases, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *See Jenkins* [*v. Superintendent of Laurel Highlands*, 705 F.3d 80,] 85 n.5 [(3d Cir. 2013)]; *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Thus, the statute of limitations begins to run once a petitioner's application for post-conviction review is no longer pending.
>
> Here, it appears that the New Jersey Supreme Court denied Petitioner's request for certification of the denial of his post-conviction relief proceedings on June 15, 2018. *State v. Hagood*, 187 A.3d 843 (N.J. 2018)[.] Petitioner, however, did not place his § 2254 petition into the prison mailing system until November 20, 2019, well over one year later. Thus, it appears that the Petition was filed outside of the . . . one-year statute of limitations.

(ECF No. 5 at 2-3, paragraph numbers and record citations omitted.)

As Petitioner's habeas petition was filed significantly more than a year after the conclusion of his PCR proceedings, his Amended Petition appears to be time barred by at least five months

3

absent some basis for equitable tolling. *See, e.g., Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* "The diligence required for equitable tolling purposes is reasonable diligence." *Id.* at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

In his response to this Court's order to show cause, Petitioner does not dispute that his Amended Petition is time barred absent some basis for tolling. (*See* ECF No. 6.) As to tolling, Petitioner presents only one argument – that his state court public defender "did not say anything about a habeas" and he therefore failed to file a timely habeas following his PCR proceedings. Petitioner's argument essentially boils down to his relying on his lack of legal knowledge or training – the fact that he was unaware of how or when to file a habeas petition and that his PCR attorney did not proactively inform him of an alternative federal relief path outside the purview of the state proceedings for which that attorney was appointed – to seek to excuse his late filing. Petitioner's lack of legal knowledge is not sufficient to warrant equitable tolling. *Ross*, 712 F.3d at 799-800. Even had Petitioner provided a more compelling argument, he would still not warrant tolling here as Petitioner has made no effort to show that he was in any way diligent during the seventeen months between the denial of his petition for certification during his PCR proceedings and his initial attempt to file a habeas petition in this Court. Absent such a showing of reasonable diligence, Petitioner is not entitled to tolling. *Id.* at 798-99. As Petitioner filed his initial petition several months after his one-year limitations period had expired, and as Petitioner has utterly failed

4

to show any basis for equitable tolling, Petitioner's Amended Petition is well and truly time barred, and is dismissed with prejudice as such.

## IV.     **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not dispute this Court's conclusion that Petitioner's Amended Petition was untimely filed and that Petitioner has failed to show any basis for equitable tolling, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

5

## V. <u>CONCLUSION</u>

In conclusion, Petitioner's Amended Petition (ECF No. 4) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE